# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. THORNTON, | ) Case No. ED CV 12-0167 DOC (MRW) |
| Plaintiff, | ) |
| vs. | ) ORDER DISMISSING ACTION |
| MICHAEL J. ASTRUE, | ) |
| Defendant. | ) |

The Court vacates the reference of this action to the Magistrate Judge and dismisses Plaintiff's action without prejudice.

This is an appeal from the denial of Social Security benefits. Plaintiff filed a form complaint for review of the adverse Social Security decision in February 2012. (Docket # 3.) The matter was referred to Magistrate Judge Wilner. Judge Wilner granted Plaintiff's request to proceed without paying the filing fee. The Court further directed Plaintiff to serve the complaint on the agency within 30 days and file a proof of service. (Docket # 6.) Plaintiff apparently failed to do so. The Court issued a second order in March 2012 informing Plaintiff that he was required to serve the complaint on the government by or before June 8, 2012 (120 days from filing of complaint pursuant to Federal Rule of Civil Procedure 4(m)), or his action

will be dismissed without prejudice. (Docket # 7.) However, Plaintiff still did not serve the complaint or file a proof of service.

As a result, in mid-June 2012, the Court issued a third order requiring Plaintiff to show cause why the action should not be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41 and failure to comply with court orders. The Court gave Plaintiff an additional two weeks to submit a declaration regarding the status of the action. To date, Plaintiff has not filed <u>any</u> document in this action – be it a proof of service of the complaint on the government or a declaration in response to the Court's order – after the initial filing of the complaint. The government has not appeared in the case yet.

\* \* \*

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court <u>sua sponte</u>. <u>Link v. Wabash R.R.</u>, 370 U.S. 626, 629-30 (1962). Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. <u>Omstead v. Dell, Inc.</u>, 594 F. 3d 1081, 1084 (9th Cir. 2010); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1263 (9th Cir. 1992).

In the present action, Plaintiff commenced this action by filing a complaint to appeal a decision by the Social Security Administration. Plaintiff has not served this complaint on the government in the intervening months, though, Plaintiff's failure to accomplish this basic task strongly suggests that he cannot litigate this case appropriately. Moreover, he has failed to respond to the Court's orders regarding the status of this action. As a result, the Court concludes that Plaintiff does not wish to advance his case here. By contrast, the Court, the government,

and the public have a strong interest in terminating this action. The Court therefore finds that dismissal is appropriate under Rule 41(b).

The Court therefore orders that the action be DISMISSED without prejudice for the reasons stated above.

IT IS SO ORDERED.

DATED: July 16, 2012

*David O. Carter*
_____
HON. DAVID O. CARTER
UNITED STATES DISTRICT JUDGE